UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| KATIE ALBERTI | § | CIVIL ACTION NO: |
| | § | |
| *Plaintiff* | § | |
| v. | § | |
| | § | |
| FCA US LLC | § | |
| | § | |
| *Defendant* | § | JURY TRIAL REQUESTED |

<u>COMPLAINT</u>

**I.   Parties**

1.   Plaintiff, KATIE ALBERTI, have been at all times material hereto a resident and citizen of the state of Louisiana.

2.   Defendant, FCA US LLC, hereinafter "CHRYSLER," is a citizen of Delaware and a Delaware limited liability company with its principal place of business at 1000 Chrysler Drive, Auburn Hills, MI 48326 and is not publicly owned.  It is one hundred percent owned by FCA North America Holdings LLC. FCA North America Holdings LLC is a citizen of Delaware and a Delaware limited liability company with its principal place of business at 1000 Chrysler Drive, Auburn Hills, MI 48326 and is one hundred percent owned by FCA Holdco B.V.  FCA Holdco B.V. is a citizen of the Netherlands and a  company organized under the laws of the Netherlands with its principal place of business at Singaporestraat 92 1175 RA Lijnden, Netherlands.  FCA Holdco B.V. is one hundred percent owned by Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.), which is a publicly traded company organized under the laws of the Netherlands. Stellantis N.V. is a citizen of the Netherlands with its principal place of business at Singaporestraat 92 1175 RA

Lijnden, Netherlands.

CHRYSLER's agent for service of process is CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

## II.  Jurisdiction

3. This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involve predominant issues of federal law.

Plaintiff is suing the Defendants for a rescission of the sales contract under Louisiana Civil Code Art. 2545 wherein a seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the ***return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees***. [Emphasis Added] A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.

## III.  Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## IV. Conditions Precedent

5. All conditions precedents have been performed or have occurred.

## V.   Facts

### A.   The Transaction

6. On January 25, 2024, Plaintiff purchased a new 2023 JEEP GLADIATOR bearing VIN: 1C6HJTFG3PL544482, hereinafter "Subject Vehicle," from RAINBOW CHRYSLER DODGE.

7. The sales price of the Subject Vehicle was $65,548.00.  Civil or Punitive penalties for breach of warranty are recoverable, if they are recoverable for breach of of implied and express warranties under the applicable state law.  See *Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).

8. Plaintiff is entitled to an award for non-pecuniary damages under La. Civil Code Articles 1998 in the amount of $50,000.00.  Plaintiff specifically alleges that he purchased the Subject Vehicle to use on location when he worked.  Regardless of the nature of the contract, nonpecuniary damages may be recovered also when the Defendant intended, through their failure, to aggrieve the feelings of the obligee.  The Defendant's failure to repair the Subject Vehicle within a reasonable time was intended to aggrieve the feelings of the Plaintiff. See **Beasley v. Ed's MobileHomes, Inc.**, 01-1549 (La. Ct. App. 3 Cir. 4/17/02), 824 So.2d 383, writ denied, 02-1408 (La. 9/20/02), 825 So.2d 1170.

### D.   Actionable Conduct

9. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, with such defects being discovered shortly after purchased.  Many defective conditions have occurred since purchase, including, but not limited to, the defects, non-conformities

and conditions as follows:

    **A.**    **SHAKING OCCURS WHILE DRIVING;**

    **B.**    **ENGINE DEFECTS, NON-CONFORMITIES AND CONDITIONS;**

    **B.**    **ANY AND ALL DEFECTS, NON-CONFORMITIES AND CONDITIONS LISTED IN REPAIR ORDERS; AND**

    **D.**    **THE Subject Vehicle HAS BEEN IN THE SHOP FOR OVER 103 DAYS.**

10. Since purchase, Plaintiff has returned his Subject Vehicle to the Defendant and its authorized dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant was given the opportunity to repair the Subject Vehicle, the Defendant has failed to repair the Subject Vehicle.

11. Plaintiff directly notified the Defendant of the defects, non-conformities and conditions in the Subject Vehicle.

12. The Subject Vehicle is a "thing" under La. Civil Code Articles 2520, et seq.

13. CHRYSLER is a "manufacturer" under La. Civil Code Articles 2520, et seq.

14. CHAMPION CHRYSLER DODGE JEEP RAM is a "seller" under La. Civil Code Articles 2520, et seq.

15. Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

16. The defects described in the Subject Vehicle vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

17. Plaintiff has provided the Defendant sufficient notice and opportunity to repair his defective boat.

18. Plaintiff has performed each and every duty required of him under Louisiana

Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

19. The hidden defects, non-conformities and conditions in the Subject Vehicle existed at the time of sale, but were not discovered until after delivery. Neither Plaintiff nor a reasonable prudent buyer would have purchased the Subject Vehicle had he known of the defects prior to the sale.

20. Furthermore, the Defendant has failed to repair the Subject Vehicle which constitutes a breach of the implied warranties of redhibition, and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out of pocket expenses, and non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.

### VI. Prayer for Relief

21. For these reasons, Plaintiff pray for judgment against the Defendant for the following:

   a. For general, special and actual damages according to proof at trial;

   b. Rescinding the sale of the Subject Vehicle and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

   c. For incidental and consequential damages according to proof at trial;

   d. Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

   e. Any diminution in value of the Subject Vehicle attributable to the defects;

   f. Past and future economic losses including lost income;

   g. Non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.;

  h. Prejudgment and post-judgment interest;

  i. Attorney fees;

  j. Costs of suit, expert fees and litigation expenses; and

  k. All other relief this Honorable Court deems appropriate.

## VII. Demand for Jury Trial

22. Plaintiff hereby demand a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
111 Park West Drive
Scott, Louisiana 70583
rick@rickdalton.law
(337) 371-0375

ATTORNEY FOR PLAINTIFF